IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOHN PAUL TURNER, | ) | |
| a/k/a "Pops," | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:13cv00093 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF | ) | By: Hon. Michael F. Urbanski |
| SOCIAL SECURITY ADMINISTRATION | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This court permitted John Paul "Pops" Turner ("Turner"), <u>pro se</u>, to file this social security appeal despite the fact he is subject to a pre-filing injunction because he had exhausted his administrative remedies. Subsequently, Turner attempted to amend, supplement, and otherwise expand his complaint to include numerous other defendants and claims through dozens of additional pleadings. The court struck these pleadings, defendants, and claims by Order dated January 17, 2014.

Upon review, the Commissioner moved to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of Turner's claim. Turner objected, arguing the defendants stricken from the docket should have an "equal opportunity to respond" to his "claim of systemic discrimination against me by them." <u>See</u> Pro Se Resp. to Mot. to Remand, Dkt. No. 42, at 1. This court granted the Commissioner's motion to remand by Order dated August 4, 2014. Tuner has now filed a "motion for reconsideration." Dkt. No. 45.[1]

---

[1] The Fourth Circuit has held that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as

Turner's motion is totally void of merit.  He argues that his pre-filing injunction "should be universally rendered nil" because the social security administration is reconsidering his disability claim.  Pro Se Mot. to Recons., Dkt. No. 45, at 1.  Whether Turner is disabled under the Social Security Act has absolutely no relevance in any sense whatsoever as to the appropriateness of continuing his pre-filing injunction.  Indeed, his conduct during the course of this litigation makes abundantly clear that the pre-filing injunction should remain in effect.

In short, Turner has succeeded in getting the Commissioner to review the denial of his disability claim.  He may not, however, use this extremely limited piece of litigation to pursue other claims against other defendants.  To bring other claims he must either (1) pay the applicable filing fees or (2) provide a statement of good cause as to why he should be permitted to proceed in forma pauperis.  See In re Turner, 7:97mc00048 (W.D. Va. filed Sept. 8, 1997) (Dkt. No. 2) (so ordering).

Turner's motion will accordingly be denied.

The Clerk is directed to send a certified copy of this Order to the pro se plaintiffs and to all counsel of record.

Entered:  August 11, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

a motion under Rule 59(e), however it may be formally styled." Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (citation omitted); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).  As such, because Turner filed his motion within twenty-eight days of the court's entry of the Order remanding the case, the court will construe it as a Rule 59(e) motion.